UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **HAROLD BURKE** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Case No.: 06cv00162 |
| | * | Judge Friedman |
| **UNITED STATES OF AMERICA** | * | |
| **UNITED STATES POST OFFICE** | * | |
| | * | |
| Defendant. | * | |

## PLAINTIFF'S MOTION TO VACATE ORDER OF DISMISSAL

COMES NOW, the Plaintiff, Harold Burke, ("Plaintiff") by undersigned counsel pursuant to Federal Rules of Civil Procedure Rule 60(b), and hereby moves this Court to Vacate its Order dismissing the Plaintiff's Complaint. In support of his request, Plaintiff states as follows:

1. The Complaint in this matter was filed on January 30, 2006.

2. This is a personal injury matter in which the Plaintiff alleges that he sustained injuries when he exited National Capitol Post Office, and a loose metal bar fell from the door, striking him in the face.

3. Since filing his Complaint the Plaintiff served Defendant by delivering a Summons and Complaint pursuant to Federal Rules, to the U.S. Attorney General on March 31, 2006 and the U.S. Attorney on March 27, 2006. *See Attached Exhibits*.

4. Undersigned attempted to file the Affadavits electronically, however the documents were not received by the Clerk.

5. Counsel only recently became aware that the Clerk had been using the counsel's old email address, and contacted the Clerk immediately to correct the error.

6. Unfortunately, Clerk did not inform undersigned that on June 27, 2006 Court scheduled a Show Cause for Plaintiff to evince Service of Process upon the Defendant, which

counsel thought to have already been filed. As a result of the email mixup, undersigned counsel did not receive notification from the Court. This information was thought to have been updated over a year ago, per counsel's request.

7. However, only after contacting the Court to inquire as to the case status, did undersigned discover the case had been dismissed without prejudice and closed on August 15, 2006.

9. Undersigned counsel has instituted new policies to require a more stringent review of all cases in litigation with special attention to flagging cases in which service of process has been filed electronically. It is anticipated that these new policies will prevent any re-occurrence of the circumstances which led to the dismissal of the Plaintiff's Complaint.

10. Finally, the Statute of Limitations has tolled on this cause of action. Therefore, any dismissal would severely prejudice the Plaintiff, who would have no recourse.

11. The Plaintiff was unable to obtain consent to this Motion as the Defendant has not filed a responsive pleading as of the date of this filing.

Wherefore, for good cause having been demonstrated, Plaintiff respectfully requests that this Court to vacate the Order of Dismissal on the grounds of excusable neglect, and allow her to re-serve the Defendants.

                                              Respectfully submitted,

                                              _____
                                              CHERYLEN M. LONG
                                              1717 K Street, NW, Suite 1112
                                              Washington, DC  20036
                                              (202) 293-0225
                                              Bar No: 475998

## POINTS AND AUTHORITIES

1. The record herein.

2. D.C. Superior Court Civil Rule 60 (b).

3. The inherent powers of this Court.

_____<br>
CHERYLEN M. LONG

## CERTIFICATE OF NON-SERVICE

I hereby certify that a copy of the foregoing and proposed Order were not mailed to Defendant.

_____<br>
CHERYLEN M. LONG

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **HAROLD BURKE** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Case No.: 06cv00162 |
| | * | Judge Friedman |
| **UNITED STATES OF AMERICA** | * | |
| **UNITED STATES POST OFFICE** | * | |
| | * | |
| Defendant. | * | |

## ORDER

Upon consideration of Plaintiff's Motion to Vacate Order of Dismissal, and it appearing to be for good cause, it is this _____ day of _____, 2006, ORDERED, that the Plaintiff's Motion is granted, and it is further;

ORDERED, that the Plaintiff shall have until and including the _____ day of _____, 2006, to re-serve Defendant with the Complaint and Summons.

_____
**Judge Friedman**