```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF COLUMBIA
```

| | |
|---|---|
| **HAROLD BURKE** | * |
| | * |
|     **Plaintiff,** | * |
| | * |
|     v. | *  Case No.:  06cv00162 |
| | *  Judge Friedman |
| **UNITED STATES OF AMERICA, et al.** | * |
| | * |
|     **Defendants.** | * |

**PLAINTIFF'S MOTION TO RECONSIDER DENIAL OF PLAINTIFF'S MOTION TO VACATE ORDER OF DISMISSAL**

Comes now the Plaintiff, Harold Burke, by and through undersigned counsel, and hereby moves this Court to reconsider the Order dated August 25, 2006 denying the Plaintiff's Motion to Vacate Order of Dismissal.  In support of this request the Plaintiff states as follows:

    1.   The Complaint in this matter was filed on January 30, 2006.

    2.   The Plaintiff alleges that he sustained personal injuries on February 3, 2003 when he exited the National Capitol Post Office and was struck in the face by a large metal bar which fell from the exit doorway.

    3.   The Plaintiff alleges that the Defendants were negligent in failing to properly maintain, repair and inspect the premises resulting in injuries to the Plaintiff.

    4.   The Plaintiff filed his Complaint on January 30, 2006.

    5.   On March 27, 2006, the Plaintiff served the Defendants United States of America and United States Postal Service by

delivering a copy of the Summons and Complaint via Certified Mail, return receipt requested, to the United States Attorney for the District of Columbia, 555 Fourth Street, N.W., Room 10808, Washington, DC 20001 pursuant to Fed.R.Civ.P. 4(i)(1)(A). On March 31, 2006, the Plaintiff delivered a copy of the Summons and Complaint via certified mail, return receipt requested, to the United States Attorney General, 950 Pennsylvania Avenue, NW, Washington, DC 20530 pursuant to Fed.R.Civ.P. 4(i)(1)(B). See Exhibit 1.

6. Undersigned counsel has confirmed that the person signing the Return Receipt, "Ernest Parker", is employed by the Department of Justice.

7. On June 27, 2006 the Court ordered the Plaintiff to show cause within 15 days why the Plaintiff's action against the Defendants should not be dismissed without prejudice pursuant to Fed.R.Civ.P.4(m). Cherylen M. Long, Esquire, counsel for the Plaintiff, did not receive a copy of this Order which was apparently sent by electronic means only.

8. On August 15, 2006 the Court entered an Order dismissing this instant action, without prejudice, as a result of the Plaintiff's failure to comply with the Court's June 27, 2006 Order.

9. The Plaintiff timely filed a Motion to Vacate Order of

Dismissal which denied by Order entered August 25, 2006.

10.   The Plaintiff submits that dismissal of this instant action is a severe sanction which is not supported by the record.

11.   Furthermore, although the Court expressly intended for the dismissal to be without prejudice, the statute of limitations has tolled as to Plaintiff's cause of action and any dismissal is effectively a dismissal with prejudice.

12.   In addition, the Court dismissed this action as a result of the Plaintiff's failure to comply with Fed.R.Civ.P.4(m).  This rule states as follows:

> (m) Time Limit for Service.  If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

13.   In addition, Fed.R.Civ.P.4(i)(3)states:

> The Court shall allow a reasonable time to serve process under Rule 4(i) for the purpose of curing the failure to serve:
>
>> (A) all persons required to be served in an action governed by Rule 4(i)(2)(A, if the Plaintiff has served either the United States Attorney or the Attorney General of the United States.

14.   As  noted  above  and  in  the  attached  Exhibit  the Plaintiff  timely  served  the  Defendants  within  120  days  after

3

filing the Complaint. Therefore, the Plaintiff complied with Rule 4(m) even though he did not succeed in his attempt to timely file an Affidavit attesting to the same.

15. Notwithstanding the above, the failure to file the proof of service was based on Plaintiff's counsel's good faith mistaken belief that counsel had successfully filed the Affidavit of Service and that the same was delivered by electronic means to the Clerk of the Court. See Plaintiff's Motion to Vacate Order of Dismissal, paragraph 4.

16. In addition, Plaintiff's counsel changed her email address and believed that she had provided the Clerk of the Court with the same. However, Plaintiff's counsel did not receive a copy of the Court's Order dated June 27, 2006 and any failure to respond to said Order was unintentional and excusable and not due to laxity or casualness.

17. Finally, on September 6, 2006 counsel herein entered his appearance and filed an Affidavit of Service demonstrating that service was timely made on the Defendants. The Plaintiff has complied with the Court's Order dated June 27, 2006. Counsel herein is well versed with Pacer and the electronic case management system and will personally assure the Court that this matter will be prosecuted in a zealous fashion. Accordingly, the Plaintiff moves this Court to allow him to proceed with his case and adjudication on the merits.

Wherefore, in view of the foregoing, the Plaintiff moves this Court to vacate the August 15, 2006 Order dismissing this

instant matter without prejudice.

                                        Respectfully submitted,
                                        KEITH WATTERS & ASSOCIATES


                                        /s/ Keith W. Watters
                                        KEITH W. WATTERS [319210]
                                        1717 K Street, N.W.
                                        Suite 1112
                                        Washington, D.C.  20036
                                        (202) 887-0542

### **CERTIFICATE OF NON-SERVICE**

I hereby certify this 6th day of September, 2006, that neither defendant has filed a responsive pleading in this matter and that I did not serve a copy of this Praecipe.


                                        /s/ Keith W. Watters
                                        KEITH W. WATTERS

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **HAROLD BURKE** | * |
| | * |
|     Plaintiff, | * |
| | * |
|     v. | *  Case No.:  06cv0016219 |
| | *  Judge Friedman |
| **UNITED STATES OF AMERICA, et al.** | * |
| | * |
|     Defendants. | * |

**ORDER**

In consideration of the Plaintiff's Motion to Reconsider Denial of Plaintiff's Motion to Vacate Order of Dismissal, the opposition thereto, if any, and it appearing to be in the interest of justice to do so, it is this _____ day of _____, 2006,

ORDERED, that the Plaintiff's Motion be and the same is hereby GRANTED.

                                                _____
                                                PAUL L. FRIEDMAN
                                                United States District Judge

Date: _____

Copies to:

Keith W. Watters, Esquire
1717 K Street, N.W.
Suite 1112
Washington, D.C.  20036

```
Cherylen M. Long, Esquire
1717 K Street, N.W.
Suite 1112
Washington, D.C.  20036

United States Attorney for the
 District of Columbia
555 Fourth Street, N.W.
Room 10808
Washington, D.C.  20530

United States Attorney General
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530
```