UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD BURKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06-0162 (PLF) |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, et al. ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' NOTICE TO THE COURT REGARDING SERVICE OF PROCESS**

Defendants the United States of America and the United States Postal Service, by and through the undersigned counsel, hereby file their notice regarding service of process to the Court.

The Plaintiff alleges that on February 3, 2003, he was injured when attempting to exit the National Capitol Post Office. Plaintiff filed his complaint in this Court on January 30, 2006. Summonses were issued to the U.S. Attorney General, the U.S. Attorney for the District of Columbia, and the U.S. Postal Service on the same date. On June 27, 2006, the Court issued an Order requiring Plaintiff to either serve process, file proof of service, or file a status report with the Court advising why service had not been made. [Dckt. entry #2]. On August 15, 2006, the Court entered an Order dismissing Plaintiff's case without prejudice in light of Plaintiff's failure to demonstrate that service of the summons and complaint had been completed as required by Fed. R. Civ. P. 4(m).

On August 23, 2006, Plaintiff filed a motion to vacate the Court's dismissal in which Plaintiff argued that his counsel had not received the Court's June 27th Order. (Plaintiff's

Motion to Vacate Order of Dismissal, ¶ 6.)   Plaintiff also submitted to the Court proof that service had been completed.  (Id.)  The Court denied Plaintiff's motion on August 25, 2006.  On September 6, 2006, Plaintiff filed a Second Motion for Reconsideration of Order of Dismissal, which is currently pending before the Court.

As evidence that the United States has been properly served pursuant to Fed. R. Civ. P. 4(i)(1)(A),[1] Plaintiff has submitted to the Court proof that service was sent via certified mail, and received by the U.S. Attorney for the District of Columbia and the U.S. Attorney General.  Specifically, Plaintiff has submitted two proofs of service, both of which are stamped as received by Ernest Parker, a mailroom employee for the Department of Justice.  Despite receipt at the Department of Justice, the summons and complaint were not forwarded to the U.S. Attorney's Office because the Civil Division's Summons and Complaint Service Book does not indicate that they were ever received.  As it pertains to the package that was addressed to the U.S. Attorney, and was date stamped as received on March 27, 2006, this package was forwarded to the Department of Justice's mail referral unit in Landover, MD.  The undersigned counsel has confirmed with the Landover referral unit that the package was received and supposedly forwarded to the U.S. Attorney's office, however, to this date, the package has not been received by this office.

Given this sequence of events, Defendants do not, in this instance, contest service.  See

---

[1] Defendants note that Plaintiff's service of process did not technically comport with the requirements of Fed. R. Civ. P. 4(i)(1)(A) ("Serving the United States, Its Agencies, Corporations, Officers, or Employees."). Pursuant to that provision, Plaintiff was required to address his certified service of process to "the civil process clerk at the office of the United States Attorney." Id.  Here, although Plaintiff did address his service of process to the U.S. Attorney's Office, he failed to designate that the mail was directed to the civil clerk and he designated an incorrect room number for the civil division.  However, in light of the facts of this particular case, Defendants will not contest service in this instance.

Fed. R. Civ. P. 12(b)(5).[2]  If the Court sets aside the dismissal of this matter, in light of the failure to receive Plaintiff's complaint timely, Defendants will need additional time to formulate a response to Plaintiff's complaint.  Accordingly, Defendants respectfully request 60 days from the date this matter is reinstated (if such occurs) in order to adequately respond to the Complaint.

        Respectfully submitted,

         /s/ Jeffrey A. Taylor
        JEFFREY A. TAYLOR, D.C. BAR # 498610
        United States Attorney

         /s/ Rudolph Contreras
        RUDOLPH CONTRERAS, D.C. BAR #  434122
        Assistant United States Attorney

         /s/ Michelle N. Johnson
        MICHELLE N. JOHNSON, D.C. BAR # 491910
        Assistant United States Attorney
        United States Attorney's Office
        Civil Division
        555 4th Street, N.W. – Room E4212
        Washington, D.C. 20530
        (202) 514-7139
        COUNSEL FOR DEFENDANTS

---

[2] Of course, it remains subject to the Court's discretion whether Plaintiff's explanation for failing to comply with the Court's prior Order justifies setting aside the dismissal.

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 24th day of October, 2006, a copy of the foregoing Defendants' Notice to the Court Regarding Service of Process was delivered via the Court's electronic case filing notification system, to:

> Keith W. Watters
> Keith Watters & Associates
> 1717 K Street, N.W.
> Suite 1112
> Washington, DC 20036

      /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
555 4th St., N.W.  Room E4212
Washington, D.C. 20530
202-514-7139