IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HAROLD BURKE**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06-0162 (PLF) |
| ) | |
| ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| **UNITED STATES POSTAL SERVICE**, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANTS' MOTION TO DISMISS

Defendants, the United States of America and the United States Postal Service, by and through the undersigned counsel, respectfully move this Court to dismiss the above-captioned complaint pursuant to Fed. R. Civ. P. 12(b)(1). In support of this Motion, the Court is respectfully referred to the accompanying memorandum of points and authorities.

Respectfully submitted,

　/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

　/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

　/s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANTS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HAROLD BURKE**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06-0162 (PLF) |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| **UNITED STATES POSTAL SERVICE**, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants, the United States of America and the United States Postal Service (the "Postal Service"), by and through the undersigned counsel, hereby submit their memorandum of law in support of their Motion to Dismiss.

### I.  NATURE OF THE CLAIM

Plaintiff Harold Burke ("Plaintiff") alleges that he suffered injuries during a visit to a United States Post Office located in the District of Columbia. Specifically, Plaintiff contends that he went to the National Capitol Post Office on Massachusetts Avenue in the District of Columbia on or about February 3, 2003, at approximately 8:30 p.m. (Compl. ¶ 4.) When coming to the exit, Plaintiff saw that the middle exit door was taped off, so he proceeded to the door on his left. (Id. ¶ 5.) As Plaintiff was attempting to exit through the door on his left, he discovered that the door was locked. (Id.) According to Plaintiff, "[a]t that point[,] a loose metal bar hanging from the top of the door struck him in the face, jerking his neck backwards

1

and causing injury to Plaintiff." (Id.) Plaintiff contends that as a result of the Defendants' negligence, he has suffered "severe, painful, permanent, and disabling injuries . . ." as well as medical expenses. (Id. ¶ 9.) Plaintiff seeks five hundred thousand dollars in compensatory damages. (Id.).[1]

Plaintiff filed his complaint in this Court on January 30, 2006.[2]

## II.     STANDARD OF REVIEW

Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Dismissal is proper because the Court lacks subject-matter jurisdiction over Plaintiff's claim because Plaintiff has failed to comply with the Federal Torts Claim Act's jurisdictional requirements.  "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor."  Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000)

---

[1] Although Plaintiff has written out the number "five hundred thousand dollars" as the amount he is seeking, in parentheses next to this amount he has written the number ($150,000.00). Defendants, in construing the complaint in a light most favorable to Plaintiff, infer Plaintiff is seeking the higher amount as damages.

[2] On June 27, 2006, the Court ordered Plaintiff to either cause process to be served and file proof of service or to file a status report with the Court advising why service had not been made within 15 days of the date of the order. [Docket entry #2]. Thereafter, on August 15, 2006, the Court dismissed Plaintiff's case without prejudice for failure to effect service pursuant to Fed. R. Civ. P. 4(m). [Docket entry # 3]. Plaintiff filed a motion to vacate the Court's dismissal on August 23, 2006, which the Court denied on August 25, 2006. [Docket entry #4; Minute Order dated 8/25/06]. Plaintiff filed a second motion for reconsideration of the Court's dismissal order on September 6, 2006. [Docket entry #8]. On October 24, 2006, Defendants filed notice with the Court regarding Plaintiff's attempt to effect proper service. [Docket entry #9]. On November 3, 2006, the Court granted Plaintiff's second motion to vacate the Court's dismissal order, and ordered Defendants to answer the complaint within 60 days. [Docket entry #11].

(citations omitted). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, Dep't of Labor, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)). In addition, when determining whether jurisdiction is proper, the Court is at liberty to look beyond the pleadings without converting the motion into one for summary judgment. See Haase v. Sessions, 835 F.2d 902, 905 (D.C. Cir. 1987) ("It seems clear . . . that the plain language of Rule 12(b) permits only a 12(b)(6) motion to be converted into a motion for summary judgment").

III. ARGUMENT

    A. **THE UNITED STATES IS THE ONLY PROPER DEFENDANT IN THIS MATTER.**

To the extent that Plaintiff seeks to assert a tort claim against the United States and the United States Postal Service,[3] his sole course of action is to pursue his claim only against the United States pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 1346, 2401, et seq. Title 39 of the United States Code, section 409(c) makes the FTCA fully applicable to tort claims arising out of the activities of the Postal Service. 39 U.S.C. § 409(c). And the FTCA expressly provides that suits based on torts allegedly committed by a federal agency must name the United States, not the agency, as the proper defendant. 28 U.S.C. § 2679(b)(1). Accordingly, the United States is properly the sole defendant in this action. Cox v. Secretary of Labor, 739 F. Supp. 28, 29 (D.D.C. 1990) ("The FTCA directs that the exclusive remedy for tort

---

[3]Although the case caption of Plaintiff's complaint could be read to infer that there is one singular defendant, "United States of America, United States Postal Service," throughout the complaint Plaintiff refers to "defendants" indicating he is suing both the United States and the Postal Service as separate defendants. Compl. ¶¶ 6-8.

claims is an action against the United States rather than against the individuals or the particular government agencies.") (citations omitted).  This is true despite a federal agency's authority to sue or be sued.  28 U.S.C. § 2679(a).[4]

      **B.** **THIS COURT LACKS JURISDICTION OVER PLAINTIFF'S CLAIMS BECAUSE PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES.**

The United States is immune from suit except as it consents to be sued.  United States v. Mitchell, 463 U.S. 206, 212 (1983).  The terms of its consent define a court's jurisdiction to hear suits.  United States v. Sherwood, 312 U.S. 584, 586 (1941).  The FTCA is a waiver of the United States' immunity to tort suits, however, a plaintiff must meet the necessary jurisdictional prerequisites to perfect a claim under the FTCA.  In order to exhaust his administrative remedies under the FTCA, Plaintiff must have presented the agency with "'(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation and (2) a sum certain damages claim,' and the agency must have either denied the claim in writing or failed to provide a final disposition within six months of the filing of the claim."  Edmonds v. United States, 436 F. Supp. 2d 28, 33 (D.D.C. 2006) (quoting GAF Corp. v. United States, 818 F.2d 901, 904 (D.C. Cir. 1987)); 28 U.S.C. § 2401.  Failure to comply with either of these jurisdictional prerequisites deprives the Court of subject matter jurisdiction.  Nichols v. Truscott, 424 F. Supp. 2d 124, 135 (D.D.C. 2004) (citations omitted).

Plaintiff has failed to submit an administrative claim to the proper administrative agency as required by the FTCA, and therefore his claim should be dismissed.  According to the

---

[4] 39 U.S.C. § 408 grants the Postal Service the power "to sue and be sued in its official name[.]"

attached Declaration of Greg Faison, Torts Claim Coordinator for the United States Postal Service's Capital District, ("Faison Decl.") (attached as Exhibit 1), the Postal Service maintains accident investigation files pertaining to claims made against the United States Postal Service's Capital District. (Faison Decl. ¶ 2.) A search of the relevant claim files for fiscal years 2003-June 2006 by Mr. Faison has revealed that "Harold Burke has not filed a tort claim in the Capital District during that time." (Id. ¶ 3.) Indeed, in his complaint, at no time does Plaintiff allege that he ever submitted any claim to the Postal Service prior to filing this lawsuit.

      Plaintiff's failure to file an administrative claim is fatal to his claim in this Court. As this Circuit has explained: "[t]he FTCA's mandatory administrative filing requirement is not to be confused with the prudential, judge-made exhaustion doctrine . . . the jurisdictional FTCA filing requirement is not subject to equitable waiver." Hohri v. United States, 782 F.2d 227, 245 (D.C. Cir. 1987), rev'd on other grounds, 482 U.S. 64 (1987); see also Simpkins v. District of Columbia, 108 F.3d 366, 371 (D.C. Cir. 1997) (district court has no jurisdiction to consider the merits of an FTCA suit once it determines that plaintiff has failed to file an administrative claim); GAF Corp., 818 F. 2d at 904 ("absent full compliance with the conditions . . . placed upon [the United States'] waiver [of sovereign immunity], courts lack jurisdiction to entertain tort claims against it.") (emphasis added). Because he never filed a claim with the proper agency prior to filing his lawsuit, Plaintiff's claim cannot be heard by the Court and must be dismissed.

      Furthermore, to the extent Plaintiff could seek to file an administrative claim at this time, such efforts would be futile. Pursuant to 28 U.S.C. § 2401(b), "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." Plaintiff alleges that he was injured on or about

5

February 3, 2003. (Compl. ¶ 4.) It is clear that the two year period in which he could have presented his claim to the appropriate federal agency has expired.[5] Accordingly, dismissal is warranted because Plaintiff's ability to assert his claim has been foreclosed. W.C. & A.N. Miller Cos. v. United States, 173 F.R.D. 1, 5 (D.D.C. 1997) (holding that plaintiffs' "failure to file an administrative claim within two years of when their claims accrued" barred their FTCA claims); Verner v. United States Government, 804 F. Supp. 381 (D.D.C. 1992) (holding that claims that accrued more than two years prior to filing of complaint were barred); Sexton v. United States, 644 F. Supp. 755 (D.D.C. 1986) (holding that the FTCA's two year "statute of limitations present[ed] an absolute jurisdictional bar to the maintenance of [plaintiffs'] . . . action . . ." and stating that the "further discovery the plaintiffs plead to be allowed to take could not alter the undisputed chronological facts already of record which mandate dismissal . . . .").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion and dismiss this action in its entirety with prejudice.

Respectfully submitted,

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910

---

[5] In fact, more than two years had already elapsed when Plaintiff first filed this action in this Court on January 30, 2006.

                    Assistant United States Attorney
                    United States Attorney's Office
                    Civil Division
                    555 4th Street, N.W. – Room E4212
                    Washington, D.C. 20530
                    (202) 514-7139

_____ COUNSEL FOR DEFENDANTS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HAROLD BURKE**, | )<br>)<br>) |
| Plaintiff, | )<br>) Civil Action No. 06-0162 (PLF)<br>)<br>) |
| **UNITED STATES OF AMERICA,**<br>**UNITED STATES POSTAL SERVICE**, | )<br>)<br>) |
| Defendant. | )<br>) |

### ORDER

UPON CONSIDERATION of Defendants' Motion to Dismiss, the opposition thereto, if any, and good cause having been shown, it is this _____ day of _____, 2007,

ORDERED that the United States is substituted as the sole defendant in this action. And it is further

ORDERED that Defendants' motion to dismiss is hereby GRANTED. And it is further

ORDERED that this action is hereby DISMISSED with prejudice.

_____
UNITED STATES DISTRICT JUDGE