## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **HAROLD BURKE** | ★ | |
| | ★ | |
| **Plaintiff,** | ★ | |
| | ★ | |
| **v.** | ★ | **Case No.:  06cv00162** |
| | ★ | **Judge Friedman** |
| **UNITED STATES OF AMERICA, et al.** | ★ | |
| | ★ | |
| **Defendants.** | ★ | |

### PLAINTIFF'S REPLY TO DEFENDANTS' MOTION TO DISMISS

Comes now the Plaintiff, Harold Burke, by and through undersigned counsel, and hereby moves this Court to deny the Defendants', the United States of America and the United States Postal Service, Motion to Dismiss. As will be more fully discussed in the attached Memorandum of Points and Authorities, the Plaintiff will show that his tort claim against the Defendants was presented to the incorrect Federal agency in writing within two (2) years of the claim's accrual. The Plaintiff will also show that the incorrect agency neither transferred his claim to the appropriate agency, despite acknowledging the identity of that agency, nor did it claim that such a transfer was not feasible. Lastly, the Plaintiff will show that he subsequently attempted to present his tort claim to the appropriate agency in writing immediately after learning of his presentment on the incorrect agency and still within two (2) years of the claim's accrual. Therefore, the Defendants were constructively presented with Mr. Burke's claim and are accordingly not entitled to dismissal.

1

In support of his opposition to the Defendants' Motion to Dismiss, the Plaintiff respectfully refers the Court to the accompanying Memorandum of Points and Authorities attached herewith.

Respectfully submitted,
KEITH WATTERS & ASSOCIATES


/s/ Keith W. Watters
KEITH W. WATTERS [319210]
1717 K Street, N.W.
Suite 1112
Washington, DC  20036
(202) 887-1990

## CERTIFICATE OF SERVICE

I hereby certify this 5th day of February, 2007 a copy of the foregoing was delivered via the Court's electronic case filing notification system, to:

Michelle N. Johnson, Esquire
Assistant United States Attorney
555 4th Street, N.W.
Room E4212
Washington, D.C.  20530


/s/ Keith W. Watters
KEITH W. WATTERS

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **HAROLD BURKE** | * |
| | * |
|     **Plaintiff,** | * |
| | * |
|     **v.** | *   **Case No.: 06cv00162** |
| | *   **Judge Friedman** |
| **UNITED STATES OF AMERICA, et al.** | * |
| | * |
|     **Defendants.** | * |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION**
**TO DEFENDANTS' MOTION TO DISMISS**

Comes now the Plaintiff, Harold Burke (hereinafter, at times, Mr. Burke), by and through undersigned counsel, and hereby moves this Court to deny Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), and in support thereof, states as follows:

## I. **Facts**

Mr. Burke alleges that he sustained personal injuries on February 3, 2003 when he exited the National Capitol Post Office and was struck in the face by a large metal bar which fell from the exit doorway. Mr. Burke further alleges that the Defendants were negligent in failing to properly maintain, repair, and/or inspect the premises resulting in injuries to him.

## II. **Argument**

A. *Standard for Dismissal*

The Defendants' Motion to Dismiss should be denied pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

3

Dismissal is not proper because Mr. Burke has complied with the
Federal Torts Claim Act's (hereinafter, at times, "FTCA")
jurisdictional requirements, thus giving this Court subject
matter jurisdiction over his claim. Further, dismissal is
improper in that any alleged failure of Mr. Burke to comply with
the FTCA's jurisdictional requirements would be moot had the
Defendant United States of America (hereinafter, at times,
"USA") upheld its legal obligation in relation to those
requirements. Under Federal Rule of Civil Procedure 12(b)(1),
"if the motion [to dismiss] challenges the sufficiency of the
allegations of subject matter jurisdiction, the district court
must accept all of the complaint's well-pleaded factual
allegations as true and draw all reasonable inferences from
those allegations in the plaintiff's favor." Pitney Bowes, Inc.
v. U.S. Postal Service, 27 F.Supp.2d 15, 19 (D.D.C. 1998)(citing
United Trans. Union v. Gateway Western R. Co., 78 F.3d 1208 (7th
Cir. 1996)(citing Rueth v. EPA, 13 F.3d 227, 229 (7th Cir.
1993)). However, "allegations that are overbroad and
unsupported by specific factual averments are insufficient to
state a claim upon which relief can be granted." Thompson v.
Capitol Police Board, 120 F.Supp. 2d 78, 81 (D.D.C. 2000)(citing
DeVoren Stores Inc. v. Philadelphia, 1990 WL 10003, *1 (E.D. Pa.
1990); Crowder v. Jackson, 527 F.Supp. 1004, 1006 (W.D. Pa.

4

1981)). "The plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence," id. (citing Darden v. United States 18 Cl.Ct. 855, 859 (Fed. Cl. 1989)), and in determining whether the plaintiff has met this burden, the court is sometimes required to look to matters outside of the pleadings." Id. (citing Swine Flu Immunization Prods. Liab. Litig., 880 F.2d 1439, 1442 (D.C. Cir. 1989)).

B.   *Mr. Burke Satisfied the FTCA's Jurisdictional Requirements, Thus, Exhausting His Administrative Remedies and Giving This Court Jurisdiction Over His Claim*

In order to exhaust his administrative remedies under the FTCA, Mr. Burke had to present the agency (i.e., the United States Postal Service) with "'(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigations and (2) a sum certain damages claim,' and the agency must have either denied the claim in writing or failed to provide a final disposition within six months of the filing of the claim." Edmonds v. United States, 436 F.Supp. 2d 28, 33 (D.D.C. 2006)(quoting GAF Corp. v. United States, 818 F.2d 901, 904 (D.C. Cir. 1987)); 28 U.S.C. § 2401. If Mr. Burke met these jurisdictional requirements, then this Court has subject matter jurisdiction.

5

The Defendants contend that Mr. Burke did not make a claim to the United States Postal Service (hereinafter, at times, "USPS") since "a search of the relevant claim files for fiscal years 2003-June 2006 by Mr. [Greg] Faison [Torts Claim Coordinator for the USPS's Capital District] has revealed that 'Harold Burke has not filed a tort claim in the Capital District during that time.'" Defendants' Motion to Dismiss, 5.  Mr. Burke does not dispute Mr. Faison's declaration that the USPS did not receive his tort claim, and on its face, the Defendants' contention appears valid, but a closer review of the facts and the law indicates that Mr. Burke constructively made a claim with the USPS in compliance with the jurisdictional requirements of the FTCA. Specifically, Section 14.2 of Title 28 of the Code of Federal Regulations requires that:

> A claim shall be presented to the Federal agency whose activities gave rise to the claim.   When a claim is presented to any other Federal agency, that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim, and advise the claimant of the transfer.   If transfer is not feasible the claim shall be returned to the claimant.   The fact of transfer shall not, in itself, preclude further transfer, return of the claim to the claimant or other appropriate disposition of the claim.   A claim shall be presented as required by 28 U.S.C. 2401(b) as of the date is received by the appropriate agency.

Federal courts have recognized constructive presentment as sufficent grounds to establish subject matter jurisdiction

6

and to deny a motion to dismiss alleging a lack of the same. See Bukala v. United States, 854 F.2d 201 (7th Cir. 1988)(holding that a tort claim was timely presented when presented to the improper federal agency within the two-year statute of limitations); Greene v. United States, 872 F.2d 236, 237 (8th Cir. 1989)("When a federal agency fails to comply with section 14.2(b)(1), a claim that is timely filed with an incorrect agency shall be deemed timely presented to the appropriate agency.").

In this case, Mr. Burke initially made his claim to the incorrect agency, the Department of Health & Human Services (hereinafter, at times, "DHHS"), on March 6, 2003, only one (1) month after the date of the accident. See Exhibit 1, Letter from Counsel for the Plaintiff to Arthur Simon, Claims Officer, Claims Branch, Program Support Center, Division of Acquisition Management, AOS, with attached Standard Form 95. On March 19, 2003, the DHHS acknowledged receipt of Mr. Burke's tort claim, identified the USPS as the appropriate agency with which the claim should have been filed, and returned the claim. See Exhibit 2, Letter from Linda A. Vincent, Paralegal Specialist, Claims Branch, Program Support Center, Division of Acquisition Management, AOS, to Counsel for the

Plaintiff. The DHHS did not advise Mr. Burke that his claim would be transferred and did not claim that such a transfer would not be feasible. See id. Thus, although Mr. Burke made his claim to the incorrect agency, Defendant USA failed to comply with its legal obligation when the DHHS failed to transfer the claim to the USPS, and Defendant USPS was constructively presented with his claim.

The Defendants may argue that Mr. Burke did not constructively present his claim because the DHHS did not have ample time to transfer it to the USPS. Since the DHHS had Mr. Burke's claim no later than March 19, 2003, there was more than ample time for the USPS to receive the claim by February 3, 2005, two (2) years from date of accrual, and any such contention to the contrary is without merit. See Johnson v. United States, 906 F.Supp. 1100, 1107 (S.D.W.Va. 1995)("Courts have allowed constructive filing only where the wrong agency received the claim and had ample time to transfer it to the appropriate agency before the statute of limitations expired, but failed to do so.").

The Defendants may also contend that Defendant USA did comply with the transfer regulation by returning the claim to Mr. Burke, this argument, too, fails. The transfer regulation explicitly requires that the improper agency

8

transfer a claim to the appropriate agency if it is identifiable. See 28 C.F.R. § 14.2(b)(1) (2007). The incorrect agency is only relieved of this burden if such a transfer is infeasible. See id. Since the DHHS acknowledged that the USPS was the appropriate agency to which the claim should be presented, transfer was feasible, and returning the claim to Mr. Burke was in direct violation of the law. See Bukala, 854 F.2d 201 at 204 (acknowledging that the transfer regulation has the force of law).

Assuming arguendo that Mr. Burke did not constructively present his claim to the Defendants, their motion should still be denied. Specifically, despite Defendant USA's obligation to transfer his claim, upon its return from the DHHS, Mr. Burke attempted to present it to the USPS via certified mail on May 16, 2003. See Exhibit 3, Letter from Counsel for the Plaintiff to Kathy Riley, United States Postal Service Claims; Exhibit 4, Colbert Aff. ¶ 4. Mr. Burke did not receive confirmation of delivery and investigation of the certified mail receipt reveals that no record exists. Mr. Burke additionally submitted medical bills to the USPS, but he never received acknowledgement of his claim. See Exhibit 5, Letter from

9

Counsel for the Plaintiff to Riley of September 13, 2003. Thus, Mr. Burke made two (2) attempts to present his tort claim to Defendant USPS well within the two-year statute of limitations.  In light of Mr. Burke's initial incorrect presentment, his subsequent two (2) attempts to effect proper presentment, and the purpose of the present mandatory administrative claims procedure of the FTCA "to provide for 'more fair and equitable treatment of private individuals and claimants when they deal with the Government or are involved in litigation with their Government,'" Bukala 854 F.2d at 203, granting the Defendants' motion would be unfair, against the interest of justice, and severely prejudicial as the two-year statute of limitations to file his claim has expired.

In total, when the materials presented to the Court are taken in the light most favorable to the Plaintiff, Mr. Burke, they prove that Mr. Burke property presented his claim and satisfied the jurisdictional requirements of the FTCA. Consequently, the Defendants' motion should be denied.

### III.  Conclusion

WHEREFORE, in view of the foregoing, it is respectfully requested that this Honorable Court deny Defendants' Motion to Dismiss.

10

Respectfully submitted,
KEITH WATTERS & ASSOCIATES


/s/ Keith W. Watters
KEITH W. WATTERS [319210]
1717 K Street, N.W.
Suite 1112
Washington, DC  20036
(202) 887-1990

### CERTIFICATE OF SERVICE

I hereby certify this 5th day of February, 2007 a copy of
the foregoing was delivered via the Court's electronic case
filing notification system, to:

    Michelle N. Johnson, Esquire
    Assistant United States Attorney
    555 4th Street, N.W.
    Room E4212
    Washington, D.C.  20530


/s/ Keith W. Watters
KEITH W. WATTERS

11

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **HAROLD BURKE** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * **Case No.: 06cv0016219** |
| | * **Judge Friedman** |
| UNITED STATES OF AMERICA, et al. | * |
| | * |
| Defendants. | * |

## ORDER

In consideration of the Defendants' Motion to Dismiss, opposition thereto, and it appearing to be in the interest of justice to do so, it is this _____ day of _____, 2007,

ORDERED, that the Defendants' Motion be and the same is hereby DENIED.

_____
PAUL L. FRIEDMAN
United States District Judge

Date: _____

Copies to:

Keith W. Watters, Esquire
1717 K Street, N.W.
Suite 1112
Washington, DC  20036

Michelle N. Johnson, Esquire
Assistant United States Attorney
5554th Street, N.W.
Room E4212
Washington, DC  20530

12

# EXHIBIT 1

March 6, 2003

Arthur Simon, Claims Officer
Claim Branch, DAM/AOS/PSC
Room5C-10, Parklawn Bldg.
5600 Fishers Lane
Rockville, Md. 20857

                    Ref: Harold Burke
                    D/A: 2/3/03
                    Clm: Unknown
                    (First Report)

Dear Mr. Simon:

    This office has been retained to represent Mr. Burke with
regards to injuries sustain after a metal bar fell from the top of
a door and struck him in the head, face, neck and shoulders.  He
treated with a doctor and has medical expenses.  We would like to
talk with you regarding liability and payment of the medical
bills.  We would appreciate the receipt of an acknowledgment
letter.  I have attached the completed Tort Claim Form for your
file.

    You may contact our office, if additional information is
needed.  Otherwise, your prompt and immediate attention is
appreciated.

                    Sincerely
                    KEITH WATTERS & ASSOCIATE


            By:  Keith Watters
                 Attorney


7002 0510 0002 3166 1741

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the ~~reverse~~
so that we can return the card to you.
■ Attach this card to the back of the ~~mailpiece,~~
or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

☐ Agent

B. Received by ( Printed Name )    Date

1. Article Addressed to:

Arthur Sim... , Claim Office
Main Branc - DAM /ADS /PGC
  5C - M.  ... Parklawn Bld...
560...
  ... IIC

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

DHHS PARKLAWN BLDG
5600 FISHERS LANE
ROCKVILLE, MD  2065?

3. Service Type
☐ Express Mail
☐ Certified Mail  ☐ Return Receipt...
☐ Registered  ☐ C.O.D.

2. Article Number
(Transfer from service label)

7002 0570 0002 3166 1741

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

7002 0510 0002 3166 1741

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To  Arthur Simon
Street, Apt. No.  Rm. 5C-10 Parklawn Bldg
or PO Box No.
City, State, ZIP+4  5600 Fishers Lane. Rockville Md

PS Form 3800, January 2001    See Reverse for Instructions

| CLAIM FOR DAMAGE, INJURY, OR DEATH. | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides ... form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 3-31-91 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| | Harold Burke 412 F St. NE. Washington. DC 20002 Keith Walters. Esq. 1717 K-St. NW. #1112 Washington DC 2 |

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☑ CIVILIAN | 4. DATE OF BIRTH 7-31-43 | 5. MARITAL STATUS Separated | 6. DATE AND DAY OF ACCIDENT 2-3-03 | 7. TIME (A.M. OR P.M.) 8:30 P.m. |
|---|---|---|---|---|

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurence and the cause thereof) (Use additional pages if necessary.)*

I was exiting the post office located on Massachusetts. Ahe. NW WDCA. The middle door was taped, so I proceeded to use the LeFT door to exit. as I pushed the door, it was Locked, But a metal bar hanging From the top of the door struck me in the Face — mouth and eye, Forcing my head backwards. I recid a bruise above my Left leye, broke Left front tooth. Swollen Face, neck pain + right hand pain.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side.)*

N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Broken Front tooth, swollen Face, painful neck + right hand, bruise above LeFT eye. HLB

| 11. | | WITNESSES |
|---|---|---|
| NAME | | ADDRESS *(Number, street, city, State, and Zip Code)* |
| | | |

| 12. *(See instructions on reverse)* | | AMOUNT OF CLAIM *(in dollars)* | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE N/A | 12b. PERSONAL INJURY $200,000 — | 12c. WRONGFUL DEATH N/A | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* $200,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* X Harold L. Burke | 13b. Phone number of signatory 202-546-9463 | 14. DATE OF CLAIM |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS Fine of not more than $10,000 or imprisonment for not more than 5 years or both. *(See 18 U.S.C. 287, 1001.)* · |
|---|---|

95-108
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

EXHIBIT 2



DEPARTMENT OF HEAL  τ & HUMAN SERVICES

Program Support Center
Division of Acquisition Management, AOS

Claims Branch
Room 5C-10, Parklawn Building
5600 Fishers Lane
Rockville, Maryland 20857

March 19, 2003

**FED EX**

Keith Watters, Esquire
KEITH WATTERS & ASSOCIATES
1717 K Street, NW
Suite 1112
Washington, D.C.  20036

**RE:  Harold Burke**

Dear Mr. Watters:

This letter acknowledges receipt of your client's tort claim relating to personal injuries sustained as the result of exiting a post office on February 3, 2003.

This office processes claims based on the activities of the U.S. Department of Health and Human Services, Public Health Service, which does not include the U.S. Post Office.

Based on the information contained in the claim, it appears that this claim should be properly filed with the U.S. Post Office. Therefore, we are returning the claim form and attachments to you for that purpose.

Yours truly,

Linda A. Vincent
Paralegal Specialist
Claims Branch, PSC
(301) 443-1905

Enclosures

EXHIBIT 3

supply information requested on both sides of this f
necessary. See reverse side for additional instruct

Dept.                    2. Name, /
                         (See ins
                         Hain
10                       Koith
                         1711

3. TYPE OF EMPLOYMENT    4. DA                                              7. TIME (A.M. OR P.
□ MILITARY ☑ CIVILIAN    7                                                   3:30 P.M

8. Basis of Claim (State in detail the ......
place of occurence and the cause thereof) (U e additional f        e damage, injury, or death        ersons and property involved, the

I was exiting the |
The middle door was
ovit    or I much d the                                                    .. Ano. N.W. WDC

                                        d..  .. .il a
                                        Swollen Fac ,

|          |          |

b ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)
                N/A

DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (S
side.)
        N/A

                              PERSONAL INJURY/WRONGFUL DEATH

TURE AND EXTENT OF .........

roken Front tooth, swollen Face, painful neck + Right han
ure abcre LFT eye.

                                        ADDRESS (Number, street, city, State, and Zip Co

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

OFFICIAL USE

Postage          $

Certified Fees

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees   $

                                        T OF C  AIM (in dollars)
                                        NRONGFUL DEATH    | 12d. TOTAL (Failure to s

The claimant shall forfeit an_   $    nited States the su
plus double the amou_ if am              the United S
(See 31 U.S.C. 372?     Cdgewoth Dr.
                        Capital Heights Mat        75

**PRIVACY ACT NOTICE**

This notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose.* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

**INSTRUCTIONS**

Complete all items - Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows.

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to  Director, Torts Branch
    Civil Division
    U.S. Department of Justice
    Washington, DC  20530

and to the
    Office of Management and Budget
    Paperwork Reduction Project (1105-0008)
    Washington, DC  20503

**INSURANCE COVERAGE**

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?  ☐ Yes, if yes, give name and address of insurance company (Number, street, city, State, and Zip Code) and policy number.  ☒ No

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

NO

17. If deductible, state amount

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (It is necessary that you ascertain these facts)

N O

19. Do you carry public liability and property damage insurance?  ☐ Yes. If yes, give name and address of insurance carrier (Number, street, city, State, and Zip Code)  ☒ No

N O

EXHIBIT 4

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

**HAROLD BURKE**                          *
                                          *
    **Plaintiff,**                       *
                                          *
    **v.**                               *    **Case No.: 06cv0016219 (PLF)**
                                          *
**UNITED STATES OF AMERICA, et al.**      *
                                          *
    **Defendant.**                       *

### AFFIDAVIT

Deborah Colbert, under penalty of perjury, hereby assert that the following statement is true and correct to the best of my ability and recollection:

   .  I am over the age of eighteen (18) years.

   .  On May 16, 2003, I was employed by the Law Firm of Keith Watters and Associates and my business address was is 1717 K Street, NW, Suite 1112, Washington, DC 20036.

3.  I am not a party to this suit.

4.  On May 16, 2003, I mailed, via Certified Mail, return receipt requested, a cover letter from Keith W. Watters and a completed executed Standard Form 95 (attached hereto as Exhibits 1 and 2) on behalf of Harold Burke, arising from an incident which occurred on February 3, 2003.

_____
DEBORAH COLBERT

1

**DISTRICT OF COLUMBIA, ss:**

I, GWENDOLYN M. PENN, a Notary Public, in aforesaid district, do hereby certify that DEBORAH COLBERT whose name is signed to the foregoing Affidavit, appeared before me and made oath that the statements made are true and accurate. Given under my hand and official seal this 11th day of January, 2007.

Notary Public

My commission Expires:

GWENDOLYN M. PENN
NOTARY PUBLIC, DISTRICT OF COLUMBIA
MY COMMISSION EXPIRES 9-14-2009

2

# EXHIBIT 5

September 13, 2003


U.S. Postal Service
Attn: Kathy Riley
9201 Edgeworth Drive
Capital Heights, Md. 20790

                          Ref: Harold Burk
                          D/A: 2/3/03
                          Clm: First Report
Dear Ms. Riley:

    Please find attached the bills on behalf of Mr. Burk
treatment.  Medical expenses included the following:

    Physical Medicine Rehab.    $2,250.00
    Metro. Washington Orth.        615.00
    Wages                       (pending)

    Total                       $2,865.00


    Mr. Bell is no longer under the doctor's care and is prepared
to discuss settlement at this time.  In light of the forthgoing,
we are prepared to recommend to the client to accept a settlement
value based on the above listed medical bills.

    Please contact our office after you have had an opportunity
to review the attached document.  Enclosed is also a duplicate
copy of the Federal tort claim form. Your prompt attention is
appreciated.

                          Sincerely,
                          KEITH WATTERS & ASSOC.



                          Keith Watters
                          Attorney