IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---

HAROLD BURKE,                          )
                                       )
         Plaintiff,                    )
                                       )
v.                                     )          Civil Action No.  06-0162 (PLF)
                                       )
UNITED STATES OF AMERICA,              )
UNITED STATES POSTAL SERVICE,          )
                                       )
         Defendant.                    )
_____ )

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
### TO DEFENDANT'S MOTION TO DISMISS

Defendant, the United States of America, respectfully files this reply in further

support of its motion to dismiss.

In his opposition to Defendant's motion to dismiss, Plaintiff does not dispute the

fact that his administrative tort claim was not received by the United States Postal

Service ("USPS"), the agency he seeks to hold accountable for his injuries.  Plaintiff's

Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss

("Pl.'s Opp'n") at 6.  Rather, Plaintiff seeks to excuse his nonfeasance by arguing that

when his attorney incorrectly addressed his claim to the Department of Human Health

and Human Services ("HHS"), that agency had a duty, pursuant to a federal regulation,

to forward his claim to the USPS.  This is so, Plaintiff contends, despite the fact that

HHS promptly notified Plaintiff of his mistake in a letter dated March 19, 2003, almost

three years prior to the filing of Plaintiff's complaint.  Plaintiff further avers that he sent

correspondence to the USPS notifying the agency of his claim, although he cannot now

submit proof that this correspondence was actually sent and/or received by the USPS.

Plaintiff's arguments are without merit and should not foreclose this Court from dismissing this action.  First, Plaintiff has not disputed Defendant's argument that only the United States is the proper defendant in this action, and accordingly, the United States should be substituted as the sole defendant.  Second, the fact that Plaintiff was notified that his claim had been sent to the improper agency, and his claim was returned to him, not transferred, put Plaintiff on notice that he had a duty to present his claim to the USPS before the expiration of the two year period.  Thus, Plaintiff cannot lay blame on another federal agency for his failure to timely follow-up on his claim.  And third, despite the letters that were purportedly sent to the USPS, Plaintiff cannot demonstrate that he ever presented his administrative tort claim to the USPS and thus he has failed to exhaust his administrative remedies, requiring dismissal of his claim.

## ARGUMENT

## I.    THE UNITED STATES SHOULD BE SUBSTITUTED AS THE SOLE DEFENDANT.

As Defendant previously argued in its motion to dismiss ("Def.'s Mot."), at 3-4, the proper defendant in Plaintiff's lawsuit brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2401, et seq., is the United States.  Indeed, the FTCA explicitly provides that suits based on torts allegedly committed by a federal agency must name the United States, not the agency, as the proper defendant.  28 U.S.C. § 2679(b)(1); see also Cox v. Secretary of Labor, 739 F. Supp. 28, 29 (D.D.C. 1990).

Nowhere in his opposition does Plaintiff dispute that the proper Defendant in this action is the United States.  Therefore, the Court should deem this argument to be

conceded and should substitute the United States as the sole defendant in this action.

<u>See</u> LCvR 7.1(b).

## II.    PLAINTIFF MAY NOT TAKE ADVANTAGE OF THE CONSTRUCTIVE FILING DOCTRINE WHEN HE HAD SUFFICIENT TIME TO PRESENT HIS CLAIM TO THE APPROPRIATE AGENCY.

Plaintiff's argument for failing to present his claim to the USPS is that he was

relieved of this duty when he sent his claim to the improper agency and that agency

failed to forward the claim to the USPS.  Plaintiff cites to the code of federal regulations

wherein it provides, in part:

> A claim shall be presented to the Federal agency whose activities gave rise to the claim.  When a claim is presented to any other Federal agency, that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim, and advise the claimant of the transfer.  If the transfer is not feasible the claim shall be returned to the claimant. The fact of transfer, shall not, in itself, preclude further transfer, return of the claim to the claimant or other appropriate disposition of the claim.  A claim shall be presented as required by 28 U.S.C. 2401(b) as of the date it is received by the appropriate agency.

28 C.F.R. § 14.2.

Relying on this provision, Plaintiff cites to cases wherein the courts have held

that when an agency fails to transfer or return a claim it receives that properly belongs

to another agency, the court may deem the claim to have been constructively filed with

the proper agency as of the date it was received by the improper agency.  However,

aside from the fact that the cases Plaintiff cites are not binding on this Court, they do not

support his argument and readily demonstrate why constructive filing would not be

appropriate in this case.

In Bukala v. United States, 854 F.2d 201 (7th Cir. 1988), the plaintiff's lawyer accidentally delivered plaintiff's administrative claim form, which was addressed to the Veteran's Administration ("VA"), to the Equal Employment Opportunity Commission ("EEOC").  Id. at 202.  When the plaintiff's lawyer wrote to the VA seeking a response, he was told that the agency had not received the claim.  Id.  Plaintiff again wrote to the agency, this time attaching a stamped copy of the claim form to the letter.  Id.  The VA then confirmed that it had received notice of plaintiff's administrative claim, and eventually rejected the claim.  Id.   The court, ruling on an issue of first impression, held that a violation of 28 C.F.R. § 14.2(b)(1), which requires an agency to transfer an administrative tort claim to the proper agency, if feasible, permits a court to find that "a timely but misdelivered claim may nevertheless be deemed timely presented to the proper agency."  Id. at 204 (footnote omitted).

Plaintiff also cites to Greene v. United States, 872 F.2d 236 (8th Cir. 1989), wherein the plaintiff improperly sent her administrative tort claim to the General Services Administration ("GSA").  Despite GSA's denial of the claim, once plaintiff filed her lawsuit, the government contended that the location of plaintiff's accident was actually under the jurisdiction of the Department of Labor ("DOL"), not GSA, and thus plaintiff had not properly exhausted her administrative remedies.  Id. at 236-37.  In rejecting the government's argument, the court held that where "a federal agency fails to comply with section 14.2(b)(1), a claim that is timely filed with an incorrect agency shall be deemed timely presented to the appropriate agency."  Id. at 237.

4

Bukala and Greene are distinguishable from this case.  It is apparent that the

agencies in those cases were completely delinquent in their duties by neither

transferring nor returning the claim to the plaintiffs.  Unlike this case, in Bukala, at no

time did the EEOC return the claim to the plaintiff; rather, the plaintiff in Bukala was not

on notice that his claim had not been received until his attorney wrote to the VA

inquiring about the status of the claim.  854 F.2d at 202.   Similarly, in Greene the GSA

did not alert the plaintiff to the fact that her claim had been sent to the improper agency;

rather, GSA actually denied the claim and the plaintiff was not alerted to the fact that

she had improperly presented her claim until after she filed her lawsuit.  Id. at 237.

Those cases simply did not involve the circumstances presented here where a plaintiff

was timely notified that he sent his claim to an improper agency, his claim was returned

to him so that it could be presented to a proper agency, and plaintiff failed to do so,

despite having more than sufficient time to present his claim to the proper agency.  See

Bukala, 854 F.2d at 203 (holding that application of the constructive filing doctrine is

"fair and equitable" where the claim was "presented within the limitations period . . . but

delivered to the wrong agency and neither transferred to the proper agency nor returned

to the claimant . . . ."). See also Hart v. Department of Labor, 116 F.3d 1338, 1341

(10th Cir. 1997) ("[T]he Bukala court concluded that when the agency fails in its duty to

promptly transfer or return the misdirected claim . . . the claim can be considered

5

constructively filed as of the date received by the transferring agency.") (citations omitted).[1]

The circumstances of this case do not warrant application of the constructive filing doctrine. Plaintiff presented his claim to an improper agency, the Department of Health and Human Services ("HHS") on March 6, 2003. Pl.'s Opp'n at 7; Pl.'s Opp'n, Ex. 1. In a letter dated March 19, 2003, HHS informed Plaintiff that it had received his claim; however, because it "appear[ed]" that the claim should have been filed with the USPS, HHS indicated that it was "returning the claim form and attachments to [plaintiff] for that purpose." Pl.'s Opp'n, Ex. 2. [2]  Plaintiff contends that HHS "did not advise Mr. Burke that his claim would be transferred and did not claim that such a transfer would not be feasible." Pl.'s Opp'n at 8.[3]  However, HHS did clearly state in its letter that it

---

[1]It bears noting that there is nothing in the record that suggests that transfer of Plaintiff's claim was feasible. The facts do show that HHS returned Plaintiff's claim to him in a timely manner, which is permissible under the regulation. 28 C.F.R. § 14.2(b)(1) ("If transfer is not feasible the claim shall be returned to the claimant."). The regulation does not require federal agencies that receive misdirected claims to act as investigators for the claimant to identify the correct recipient.

[2]Notably, Plaintiff's administrative claim form that was apparently attached to his letter to HHS is not dated. In addition, while Plaintiff's claim form indicates that he was injured at the post office, his attorney's letter makes no mention of that fact.

[3]To the extent the Court construes Plaintiff's argument as seeking application of equitable tolling to the FTCA filing requirement, see Norman v. United States, 377 F. Supp. 2d 96 (D.D.C. 2005) (Sullivan, J.), no such application is warranted. It is well-established that equitable tolling does not apply in situations where a litigant has "failed to exercise due diligence in preserving his legal rights . . . ." Id. at 100 (quoting Irwin v. Department of Veteran's Affairs, 498 U.S. 89, 95 (1990) (internal quotation marks omitted). In this case, despite HHS' return of Plaintiff's claim in March, 2003, Plaintiff did not ensure that a proper claim was submitted to the USPS within the statutory filing period.

was returning Plaintiff's claim so that Plaintiff could present his form to the USPS.

Plaintiff did not do so.  He cannot blame his complete lack of diligence on HHS' failure

to transfer his claim when in this case HHS promptly returned the claim to Plaintiff and

notified him that it should be sent to the proper agency.

Indeed, while not completely analogous to this case, courts have held that when

a plaintiff, through a lack of diligence, submits his administrative claim at the eleventh

hour to an improper agency and, despite transfer, the proper agency receives the claim

past the statutory deadline, application of the constructive filing doctrine is not

warranted.  See Cronauer v. United States, 392 F. Supp. 2d 93, 100-101 (D.D.C. 2005)

("As the cases reveal, courts do not consider claims filed with the wrong agency at the

last minute to be timely filed pursuant to § 2401(b).") (citation omitted) (discussing cases

generally).  See also Hart, 116 F.3d at 1341 (holding that where plaintiff's claim was

transferred to the proper agency, which notified plaintiff of a deficiency in claim, and

plaintiff re-filed his claim at the last minute with an improper agency, plaintiff could not

take advantage of the constructive filing theory because "plaintiff's failure to refile in a

timely manner with the proper agency cannot be attributed to any dilatory conduct on

the part of a federal agency."); Massengale v. United States, No. Civ.A. 05-2275, 2006

WL 3220333, at *2 (D.D.C. Nov. 6, 2006) (holding that plaintiff who filed his claim at the

"eleventh-hour" with an improper agency "and in the absence of any facts to suggest

negligence or misconduct by the government . . ." was barred from asserting tort claim);

Johnson v. United States, 906 F. Supp. 1100, 1104 (S.D. W. Va. 1995) (holding that

where plaintiffs "present[ed] their claim to the wrong federal agency on the last possible

day before the two year statute of limitations expired . . ." the court was "without subject matter jurisdiction to hear their claim."); <u>Lotrionte v. United States</u>, 560 F. Supp. 41, 43 (S.D.N.Y.), <u>aff'd</u>, 742 F.2d 1436 (2d Cir. 1983) (holding that plaintiff's claim, presented to an improper agency at the last minute, would not be considered constructively filed with the proper agency).  As these cases show, application of the constructive filing theory is not warranted where a plaintiff does not act diligently and waits until the last minute to submit his claim.  Nor should it be applied in this case where a plaintiff is timely notified by the agency that his claim was misdirected and that he should present his claim to the proper agency and the plaintiff fails to comply with that directive.  Plaintiff cannot resort to the equitable powers of this Court when the equities do not weigh in his favor.  Plaintiff's claim was not received by the USPS because of his own dilatory conduct, not the conduct of HHS, and therefore the constructive filing doctrine should not apply.

**III.    BECAUSE PLAINTIFF NEVER PRESENTED HIS CLAIM TO THE PROPER AGENCY, THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER HIS CLAIM.**

 Title 28 U.S.C. §2675(a) specifically provides that an action cannot be maintained in district court under the FTCA unless an administrative claim has been "presented" to the appropriate agency, and the claim has been denied, or six months have passed from the date of filing with the agency.  28 U.S.C. §2675(a).  Furthermore, 28 U.S.C. §2401(b) also states that a "tort claim against the United States shall be forever barred unless it is presented in writing to <u>the appropriate Federal agency within two years after such claim accrues</u>. . . ."  28 U.S.C. §2401(b) (emphasis added).

8

Furthermore, a claim shall be presented as required by 28 U.S.C. §2401(b) "as of the date it is received by the appropriate agency."  (Emphasis added).  The courts have recognized that satisfaction of the FTCA's administrative filing requirements are mandatory, jurisdictional prerequisites to filing an action under the FTCA.  See, e.g., Hohri v. United States, 782 F.2d 227, 245 (D.C. Cir. 1987), rev'd on other grounds, 482 U.S. 64 (1987) ("The FTCA's mandatory administrative filing requirement is not to be confused with the prudential, judge-made exhaustion doctrine . . . the jurisdictional FTCA filing requirement is not subject to equitable waiver."); Simpkins v. District of Columbia, 108 F.3d 366, 371 (D.C. Cir. 1997) (district court has no jurisdiction to consider the merits of an FTCA suit once it determines that plaintiff has failed to file an administrative claim).

As set forth fully in Defendant's Motion to Dismiss with the accompanying Declaration of Greg Faison, Plaintiff failed to file any administrative claim with the Postal Service, the appropriate agency for his claim.  Significantly, Plaintiff concedes in his opposition that he cannot dispute Mr. Faison's declaration.  Pl.'s Opp'n at 6.  Rather, Plaintiff attempts to demonstrate that he did in fact present his claim to the USPS.  However, his evidence in support of this fact is questionable, to say the least.

First Plaintiff contends that he "attempted" to present his administrative claim to the USPS on May 16, 2003.  Pl.'s Opp'n at 9.  However, Exhibit 3, which Plaintiff relies upon for this fact, appears to be a partially copied portion of Plaintiff's administrative claim and an unstamped, partially completed Certified Mail Receipt.  Pl.'s Opp'n, Ex. 3.  Plaintiff states that he "did not receive confirmation of delivery and investigation of the

certified mail receipt reveals that no record exists."  Pl.'s Opp'n at 9.  Plaintiff attempts to

remedy these shortcomings by submitting the declaration of Deborah Colbert, an

employee who worked for Plaintiff's counsel.  Pl.'s Opp'n, Ex. 4.  Ms. Colbert states that

she mailed, on May 16, 2003, "via Certified Mail, return receipt requested, a cover letter

. . . and a completed executed Standard Form 95 . . . on behalf of Harold Burke . . . ."

Id.  Notably, Ms. Colbert does not indicate to whom she mailed these items, and

therefore, her declaration does nothing to refute Mr. Faison's declaration that the USPS

never received any administrative claim from Plaintiff.

Next, Plaintiff contends that he sent a letter to the USPS dated September 15,

2003, in which he indicated the total amount of his medical expenses.  Pl.'s Opp'n, Ex.

5.  This letter is unsigned and there is no proof that it was actually mailed.  It therefore

does nothing to refute Mr. Faison's declaration.  In any event, assuming this letter was

received by USPS, it does not set forth a "sum certain" as required by 28 U.S.C.

§2675(b).  Rather, Plaintiff merely indicated that his medical expenses "included" certain

bills and stated that he was "prepared to discuss settlement at this time."  Pl.'s Opp'n,

Ex. 5.  Significantly, Plaintiff indicated that the amount he would seek pertaining to his

wages was "pending."  Thus, a sum certain was not requested in this letter and it cannot

satisfy the FTCA's requirements.  See, e.g., Stokes v. U.S.P.S., 937 F. Supp. 11, 15

(D.D.C. 1996) (holding that plaintiff's reference to her hotel bills and her request for a

salary advancement failed to "provide a sum-certain amount for damages, as required

by 28 U.S.C. [s]ection 2675(a).").  See also Bowden v. United States, 106 F.3d 433, 441

(D.C. Cir. 1997) (holding that dismissal of FTCA claim was warranted where the plaintiff "never informed the INS of the amount of damages he sought . . . .").

In total, Plaintiff's own evidence supports a finding that the USPS was never presented with a proper administrative claim.  Therefore, subject matter jurisdiction under the FTCA is lacking in this case and dismissal is warranted.

## CONCLUSION

For the reasons set forth above and in Defendant's motion to dismiss, Defendant respectfully requests that the United States be substituted as the sole defendant in this action and that Plaintiff's complaint be dismissed with prejudice.

Respectfully submitted,

_____ /s/ Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____ /s/ Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


_____ /s/ Michelle N. Johnson_____
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANTS