UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD BURKE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-0162 (PLF) |
| UNITED STATES OF AMERICA, and UNITED STATES POSTAL SERVICE, | ) |
| Defendants. | ) |

MEMORANDUM OPINION

This matter is before the Court on defendants' motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff brings suit pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2401, et seq. regarding injuries he allegedly suffered at the National Capitol Post Office on Massachusetts Avenue, N.W. in Washington, D.C. on February 3, 2003. Upon consideration of the motion, the opposition and the reply, the Court will grant the motion and dismiss the case with respect to each defendant.

Defendants first argue that the United States Postal Service ("USPS") must be dismissed as a defendant because under the FTCA the United States and not the agency is the proper defendant. See 26 U.S.C. § 2679(b)(1). Plaintiff does not contest this claim in his opposition. The Court therefore will grant the motion with respect to the USPS and dismiss it as a defendant.

Defendants further argue that plaintiff's claim against the United States must be dismissed for failure to exhaust his administrative remedies because plaintiff did not file a claim with the appropriate agency (here, the USPS) within two years of the incident, as required under the FTCA. The facts are undisputed in this case. Plaintiff mailed a claim for damages to the Department of Health and Human Services ("HHS") on March 6, 2003. Less than two weeks later on March 19, 2003, HHS mailed the complaint back to plaintiff with a letter explaining that his claim should be filed with the USPS. Plaintiff has never filed a complaint with USPS and now claims that his claim mailed to HHS should be deemed constructively filed for purposes of administratively exhausting his claim.

After plaintiff's misdirected claim was promptly returned to him by HHS with a letter identifying the proper agency to which it should be sent, he had approximately 10 months during which he could have sent that claim to the USPS. For the reasons stated in defendants' reply brief, and those articulated by Judge Leon in Massengale v. United States, Civil Action No. 05-2275 (RJL), 2006 U.S. Dist. LEXIS 81971 (D.D.C. Nov. 6, 2006), this Court agrees that plaintiff failed to fulfill his statutory obligation "to present[] [his] claim to the appropriate Federal agency" within the requisite time period. 28 U.S.C. § 2675(a). Defendants' motion therefore will be dismissed with respect to the United States, as well.

An Order consistent with this Memorandum Opinion shall issue this same day.

SO ORDERED.

                                                               _____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: April 13, 2007